### OSBORN *v.* OSBORN and others.

*(Circuit Court, D. Minnesota. December, 1880.)*

1. REMOVAL—LOCAL PREJUDICE ACT—FINAL HEARING IN STATE COURT.
    The submission of a case to a jury does not constitute a " final hearing," within the meaning of the " local prejudice act," when there has been a partial disagreement as to the verdict.

2. CHANCERY CASE—VERDICT OF JURY—MINNESOTA STATUTE.
    Under the peculiar provisions of the statute of Minnesota, the submission of the facts of a chancery case to a jury render the verdict a necessary part of the final trial of the cause.—[ED.

Motion to Remand.

*Gordon E. Cole,* for plaintiff.

*C. M. Start* and *Taylor & Sperry,* for defendants.

McCrary, C. J. This is a motion to remand. The case is equitable in its character, and was commenced in the state court under the practice authorized by the laws of Minnesota. Certain issues of fact, some five in number, I believe, were submitted to a jury. The evidence was heard, the case submitted, and the jury failed to agree. They agreed upon two of the questions submitted to them, but failed to agree as to three. The cause is removed under what is known as the "Local Prejudice Act," which provides that, upon making an affidavit that by or on account of local prejudice the parties are unable to get justice in the state tribunal, the case may be removed at any time before the final hearing or trial. The only question in this case is as to whether there was a final hearing. The cause went so far as for the court to receive the evidence and to submit to the jury the questions of fact which had been framed for their consideration, but as to the most material of these questions the jury failed to agree. There was in effect no verdict. It is as if there had been an entire failure to find any verdict, because a partial verdict in such a case is no verdict at all. If a trial by jury under the statutes of Minnesota, in a case of this character, is a part of the trial of the case, there has been no final trial within the meaning of the statute. Of course, it is well known that under the old practice a jury in a chancery case was only called for the purpose of aiding the conscience of the chancellor by settling certain facts in dispute. But, under the peculiar provisions of the statute of Minnesota, we are of opinion that where the court determines, either upon its own motion or by consent of parties to submit the facts in a chancery case to a jury, then the verdict of the jury becomes a necessary part of the final trial of the case; and, as there was no verdict, we hold there was no final trial of the case, and therefore the motion to remand is overruled.